OPINION
PER CURIAM.
Petitioner Miriam Dore, a native and citizen of Liberia, seeks review of a final order of removal. However, she has failed to demonstrate that she will experience any harm if removed to Liberia. As a result, and as explained more fully below, we will deny the petition for review.
I.
Dore entered the United States in July 2006, using a false passport and tourist visa from the Ivory Coast. She was issued a Notice to Appear by DHS, and removal proceedings commenced in Elizabeth, New Jersey. Dore conceded removability, but sought asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”) to prevent her removal.
Dore testified that she is of Mandingo ethnicity. She is illiterate and could not remember when she or any of her children was born. Dore testified that her husband was killed in the early nineties by rebel forces fighting under Charles Taylor during the first Liberian Civil War. Dore testified that her husband was targeted both because of his Mandingo ethnicity and the fact that he had been a supporter of Samuel Doe, who was then president of Liberia. After her husband’s death, Dore fled from one part of Liberia to another, attempting to “run[] from the war.” (A.R.84.) She eventually came to stay with a daughter, Miriam, in the Ivory Coast. She resided there for some time before deciding to go to the United States to live with another daughter, Makoya.
The Immigration Judge (“IJ”) first determined that “due to the limited testimony provided by [Dore] in court, the Court is not at a position to make a ruling as to whether [Dore’s] testimony was credible.” *848 (A.R.10.) The IJ found, though, that even “[i]f one is to accept her testimony on [sic] face value” (A.R.10), the record did not demonstrate entitlement to asylum. (A.R.10) (“[Dore] suffered no past persecution in Liberia and there is no evidence that if removed from the United States to Liberia she would suffer harm on account of an actual or imputed ground enumerated in the Act”). The IJ also determined that Dore had failed to show that members of the Mandingo ethnicity are subjected to a pattern or practice of persecution, or that she would likely be tortured upon removal. The Board of Immigration Appeals (“BIA”) adopted and affirmed the LPs decision denying all requested relief, and dismissed the appeal. Dore then filed this petition for review.
II.
We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). When the BIA adopts the decision of the IJ as its own, as it did here, we review the decisions of both the IJ and BIA. See Shehu v. Att’y Gen., 482 F.3d 652, 657 (3d Cir.2007). We review factual findings for substantial evidence, see Briseno-Flores v. Att’y Gen., 492 F.3d 226, 228 (3d Cir.2007), upholding them “unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir.2003) (en banc).
III.[1]
To obtain asylum as a refugee, Dore must show that she “is unable or unwilling to return to [her country of nationality] ... because of persecution or a well-founded fear of persecution.” 8 U.S.C. § 1101(a)(42). “In order to establish persecution, an applicant must ‘show past or potential harm rising to the level of persecution on account of a statutorily enumerated ground that is committed by the government or by forces the government is unable or unwilling to control.’ ” Valdiviezo-Galdamez v. Att’y Gen., 502 F.3d 285, 288 (3d Cir.2007) (quotation omitted). Race, religion and nationality are all privileged grounds. See 8 U.S.C. § 1101(a)(42)(A).
For substantially the reasons set forth in the IJ’s decision, we agree with the IJ and BIA that Dore’s spare account of her wartime experience is insufficient to demonstrate past or prospective persecution based on one of the enumerated grounds. See Al-Fara v. Gonzales, 404 F.3d 733, 740 (3d Cir.2005) (“[h]arm resulting from • country-wide civil strife is not persecution ‘on account of an enumerated statutory factor”); Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir.2003) (“persecution connotes extreme behavior, including ‘threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom’”) (quotation omitted).[2]
The record does not reveal that Dore was individually targeted during the civil war because of her ethnicity or political opinion. Although she testified that her husband was killed because of his support for the former Liberian president, there is no evidence to demonstrate that her husband’s political opinion can or would be *849 imputed to Dore almost two decades after his death. And in fact, Dore repeatedly stated during the hearing that she did not have any political associations, opinions or beliefs. (A.R.89-90.)
Furthermore, we agree with the IJ that while the country reports detail a whole host of societal problems in Liberia, the record does not reveal a pattern or practice of persecution of members of the Mandingo ethnic group. But even accepting as true Dore’s allegation that her ethnicity somehow precludes safe return to her hometown of Gnta, that allegation by itself does not demonstrate that she would be unwelcome in a different part of Liberia. Therefore, we conclude that substantial evidence supports the IJ’s finding concerning Dore’s ineligibility for asylum. Given that conclusion, we necessarily also conclude that the IJ’s finding concerning Dore’s ineligibility for withholding of removal is supported by substantial evidence.
Accordingly, we will deny the petition for review.

. Though Dore’s brief sets forth the applicable standard for CAT claims, she makes no allegation that she will be tortured if removed to Liberia. We deem Dore’s abandonment of argument concerning CAT relief to be a waiver of claims arising under that treaty. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

. Dore’s counsel all but concedes as much in his brief: “Ms. Dore's case is one in which she does not have much evidence to support her case.” (Pet. Br. at 16.)